# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

### PACER Cover Sheet
### for Electronically Filed Documents

Any data shown here are current as of  06/11/06  . Any element of information on this form,
except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:**        Western Bank - Alamogordo, et al. v. Joel T. Danley, et al.

**Case Number:**      04-01158

| Document Information |
| --- |

**Description:**     Memorandum Opinion re: [22-1] Motion to Remand and for Mandatory Abstention and Discretionary Abstention by Western Bank - Alamogordo.

Received on:        2004-10-01 14:14:49.000

**Date Filed:**        2004-10-01 00:00:00.000

**Date Entered On Docket:**     2004-10-04 00:00:00.000

| Filer Information |
| --- |

**Submitted By:**    James Burke

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
JOEL T. DANLEY,
     Debtor.                        No. 11-04-13378 SL

WESTERN BANK OF ALAMOGORDO,
     Plaintiff,
v.                             Adv. No. 04-1158 S
JOEL T. DANLEY, et al.,
     Defendants.

## MEMORANDUM OPINION ON MOTION TO REMAND

This matter is before the Court on the Motion to Remand and for Mandatory Abstention and Discretionary Abstention (doc 22) filed by Western Bank - Alamogordo ("Bank"). The Danley defendants (Joel T. Danley, Johnson & Danley Construction, Inc. and J.D. Materials, Inc.) objected (doc 24). Defendant Joel T. Danley also filed a separate objection (doc 25). Defendant Meadow Valley Contractors and Jobe Concrete Materials, Inc. also filed an objection.[1] Bank appears through its attorney Scott & Kienzle, P.A. (Paul M. Kienzle III). The Danley defendants appear through their attorney Davis & Pierce, P.C. (William F. Davis). Joel T. Danley also

---

[1]This objection does not appear on the docket of this adversary proceeding as of September 29, 2004, because the style of the document is from a different adversary proceeding, <u>Western Bank - Alamogordo v. Meadow Valley Contractors, Inc.</u>, which is Adversary 04-1134S. However, the adversary proceeding number on the document (Adversary No. 04-1158)is correct. The Court has nevertheless considered this objection.

appears through his attorney Russell C. Lowe.  Meadow Valley
and Jobe Concrete appear through their attorney Jennings, Haug
& Cunningham, LLP (Curtis A. Jennings and Craig J. Bolton).

The determination of whether to abstain is a core
proceeding in which the bankruptcy court can enter final
orders.  28 U.S.C. § 157(b)(2)(A).  <u>Beneficial Nat'l Bank USA
v. Best Receptions Systems, Inc. (In re Best Reception
Systems, Inc.)</u>, 220 B.R. 932, 941 (Bankr. E.D. Tenn. 1998).

**1.   Bankruptcy Jurisdiction**.

Federal courts are courts of limited jurisdiction, and
empowered to hear only those cases authorized and defined in
the Constitution and entrusted to them by Congress.  <u>Henry v.
Office of Thrift Supervision</u>, 43 F.3d 507, 511 (10th Cir.
1994).  Parties cannot waive lack of subject matter
jurisdiction.  <u>Id.</u>  Federal courts are obligated to examine
their own jurisdiction, and subject matter jurisdiction can be
raised at any time, by a party or by the court <u>sua sponte</u>.
<u>May v. Missouri Department of Revenue (In re May)</u>, 251 B.R.
714, 719 (8th Cir. B.A.P. 2000).

Bankruptcy Court jurisdiction is established by 28 U.S.C.
§ 1334, which lists four types of matters over which the
district court has bankruptcy jurisdiction: 1) cases "under"
title 11 (which are the bankruptcy cases themselves, initiated

by the filing of a Chapter 7, Chapter 11, etc. petition), 2)
proceedings "arising under" title 11, 3) proceedings "arising
in" a case under title 11, and 4) proceedings "related to" a
case under title 11.  Wood v. Wood (In re Wood), 825 F.2d 90,
92 (5th Cir. 1987).  In the District of New Mexico, all four
types have been referred to the bankruptcy court.  See 28
U.S.C. § 157(a); Administrative Order, Misc. No. 84-0324 (D.
N.M. March 19, 1992).  Jurisdiction is then further broken
down by 28 U.S.C. § 157, which grants full judicial power to
bankruptcy courts over "core" proceedings, but only limited
judicial power over "related" or "non-core" proceedings.
Wood, 825 F.2d at 91; Personette v. Kennedy (In re Midgard
Corporation), 204 B.R. 764, 771 (10th Cir. B.A.P. 1997).

"Core" proceedings are matters "arising under" and
"arising in" cases under title 11.  Wood, 825 F.2d at 96;
Midgard, 204 B.R. at 771.  Matters "arise under" title 11 if
they involve a cause of action created or determined by a
statutory provision of title 11.  Wood, 825 F.2d at 96;
Midgard, 204 B.R. at 771.  Matters "arise in" a bankruptcy if
they concern the admini-stration of the bankruptcy case and
have no existence outside of the bankruptcy.  Wood, 825 F.2d
at 97; Midgard, 204 B.R. at 771.

Case 04-01158-s   Doc 28   Filed 10/01/04   Entered 10/04/04 08:36:00 Page 4 of 12

"Non-core" proceedings are those that do not depend on the bankruptcy laws for their existence and that could proceed in another court even in the absence of bankruptcy. <u>Wood</u>, 825 F.2d at 96; <u>Midgard</u>, 204 B.R. at 771. Bankruptcy courts have jurisdiction over non-core proceedings if they are at least "related to" a case under title 11. 28 U.S.C. § 157(c)(1)("A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11.")

> "[T]he test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." <u>Pacor, Inc. v. Higgins</u>, 743 F.2d 984, 994 (3rd Cir. 1984)(emphasis omitted.) Although the proceeding need not be against the debtor or his property, the proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the estate. <u>Id.</u> ...
>
> [T]he bankruptcy court lacks related jurisdiction to resolve controversies between third party creditors which do not involve the debtor or his property unless the court cannot complete administrative duties without resolving the controversy. <u>In re Shirley Duke Assocs.</u>, 611 F.2d 15, 18 (2nd Cir. 1979).

<u>Gardner v. United States (In re Gardner)</u>, 913 F.2d 1515, 1518 (10th Cir. 1990).

**2.  Abstention and Remand.**

Page -4-

In the bankruptcy context, the concepts of abstention and remand are intertwined. Abstention is governed by 28 U.S.C. § 1334(c), which provides:

> (C)(1) Nothing in this section prevents a district court in the interests of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

In <u>Oakwood Acceptance Corp. v. Tsinigini (In re Oakwood Acceptance Corp.)</u>, 308 B.R. 81, 86 (Bankr. D. N.M. 2004), Judge McFeeley stated:

> The Tenth Circuit Bankruptcy Appellate Panel has held that if a bankruptcy court has only "related to" jurisdiction over the removed proceeding, the bankruptcy court must remand if it is required to abstain under 28 U.S.C. § 1334(c)(2)(the mandatory abstention provision.) <u>Personette v. Kennedy (In re Midgard Corp.)</u>, 204 B.R. 764, 775 (10th Cir. BAP 1997)(finding that if abstention is required under § 1334(c)(2), a court should remand to state court.)

In his separate brief, Debtor suggests that due to the importance of this removed case to his overall bankruptcy case, the Court should retain jurisdiction and not order

Page -5-

abstention (doc 25, p. 2).  While this argument has a certain appeal, it cannot be sustained.  Section 1334(c)(2), also called the "mandatory abstention" provision, requires abstention if the listed factors are met.  The importance of the case to the Debtor is simply not a factor the Court considers.

**3.  This removed case is a non-core related-to case that should be remanded.**

This removed case is a foreclosure suit based on state law that was pending in Otero County.  It is not a case under Title 11, it does not involve a cause of action created or determined by a statutory provision of title 11, and it does not concern the administration of the bankruptcy case.  The removed case had its own existence outside of the bankruptcy. It does not depend on the bankruptcy laws for its existence and it can proceed in another court even in the absence of bankruptcy.  It is therefore non-core.

The Danley defendants assert that one of the pending matters in state court is their motion to amend their answer to assert lender liability counterclaims against Bank.  Doc 24, p. 3.  Therefore, they claim that the removed case "becomes part and parcel of a claims objection and, therefore, is a core proceeding under 28 U.S.C. 157(b)(2)(A), (B), (C), and (O)."  Id., p. 7.  The Court disagrees.  Jurisdiction is

Case 04-01158-s    Doc 28    Filed 10/01/04    Entered 10/04/04 08:36:00 Page 7 of 12

determined by reference to the existing pleadings at the time of removal.  Allen v. City Finance Co., 224 B.R. 347, 351 (S.D. Miss. 1998); Borne v. New Orleans Health Care, Inc., 116 B.R. 487, 489 (Bankr. E.D. La. 1990).  When removed, this case was only a state law foreclosure case, and that is a non-core proceeding.  Balcor/Morristown Limited Partnership v. Vector Whippany Assoc., 181 B.R. 781, 790 (D. N.J. 1995)("Bankruptcy courts have frequently held that an action for foreclosure is not core." (Citations omitted.))(Holding that mortgage foreclosure case with proposed amendments seeking equitable subordination and avoidance of fraudulent transfers was not core, but suggesting that if a counterclaim challenged the validity of the mortgage itself, that may be core.) Furthermore, even if defendants had been successful in adding counterclaims before removal, those counterclaims would still be prepetition non-core actions.  Peterson v. 610 W. 142 Owners Corp. (In re 610 W. 142 Owners Corp.), 219 B.R. 363, 371 (Bankr. S.D. N.Y. 1998).  See also Celotex v. Edwards, 514 U.S. 300, 307 n. 5 (1995) ("Proceedings 'related to' the bankruptcy include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541...").

Page -7-

Meadow Valley and Jobe Concrete in their response do not oppose remand of the action, except that they want this Court, before it remands, to sever from this adversary proceeding their claims to the severed materials now stockpiled on the site so that this Court can adjudicate that issue together with the issues in <u>Western Bank - Alamogordo v. Meadow Valley Contractors, Inc.</u>, Adversary 04-1134S. To the extent that the interests of Meadow Valley and Jobe Concrete need to be adjudicated in the bankruptcy court (a position that the Court does not necessarily agree with), that process can take place in the Adversary Proceeding 04-1134, by means of the appropriately amended or supplemental pleadings (assuming any such amendments or supplements are even needed). There is no need to take any further action in this adversary proceeding other than to remand it.

The removed case that constitutes this adversary proceeding has no basis for federal jurisdiction other than the bankruptcy code. Bank made a timely motion to remand or abstain.[2] The removed case can be timely adjudicated in the state court. In fact, the state court announced its judgment with respect to the Danley defendants on April 20, 2004.

---

[2] Meadow Valley removed the case on July 26, 2004 (doc 1). Bank filed its motion to remand on August 20, 2004 (doc 22).

Debtor filed his bankruptcy on May 6, 2004, staying entry of the judgment as to Debtor.  The Court has now entered an order in the main case modifying the stay to permit the foreclosure action to go forward, and it is now appropriate to remand this foreclosure action back to the state court for further proceedings.

**4.   Bank's request for attorney fees and costs.**

Bank seeks an award of attorney fees and costs associated with the removal/remand matter.  In support, Bank argues that 1) the papers submitted were not all the pleadings in the state court case, and some of the papers were not submitted timely, 2) it was plain to see that abstention is appropriate, 3) the circumstances under which Meadow Valley removed the case are suspicious, and 4) general bad faith.

With regard to an incomplete record, even if there were technically noncompliance with the Rule, the Court finds that this problem could be easily remedied through refiling necessary papers.  See Balcor/Morristown Limited Partnership, 181 B.R. at 787 (Characterizing incomplete record of a removed case as a "procedural step".)

With regard to whether it was plain to see that abstention would be appropriate, that is an entirely different question from whether there was bankruptcy jurisdiction such

Case 04-01158-s   Doc 28   Filed 10/01/04   Entered 10/04/04 08:36:00 Page 10 of 12

that the case could be removed. 28 U.S.C. § 1452 allows a party to remove any claim or cause of action (with certain noted exceptions not here applicable) if there is jurisdiction under 28 U.S.C. § 1334. 28 U.S.C. § 1334(b) grants federal bankruptcy jurisdiction over "related to" matters. In our case, the removed action, while not a core proceeding, was certainly "related to" under the <u>Pacor, Inc. v. Higgins</u> test. Therefore, there is bankruptcy court jurisdiction, and removal was not inappropriate. <u>Compare</u> <u>Daleske v. Fairfield</u> <u>Communities, Inc.</u>, 17 F.3d 321, 323 ("The district court found that the matters raised in the state suit were neither "core" nor "related" to the bankruptcy proceeding and ordered the case remanded to the state court.") and 325 ("Fairfield had a legitimate basis for believing the case fell within the district court's bankruptcy jurisdiction. Thus, the district court did not abuse its discretion in declining to award fees and costs under either 28 U.S.C. § 1447(c) or Bankr.R. 9011.")

With regard to the suspicious nature of the removal, the Court construes the removal as a tactical decision and not sanctionable. Similarly, the Court does not see that the removal was done in bad faith.

**5. Conclusion**.

Bank has demonstrated that this case fits within the mandatory abstention provisions, and under <u>Oakwood Acceptance Corp.</u> and <u>Personette v. Kennedy</u> the action should be remanded. Bank is not entitled to an award of fees or costs. The Court will enter an Order in conformity with this Opinion.

_(signature)_

Honorable James S. Starzynski
United States Bankruptcy Judge


I hereby certify that on October 1, 2004, a true and correct copy of the foregoing was electronically transmitted, faxed, delivered, or mailed to the listed counsel and/or parties.

Paul M Kienzle, III
PO Box 587
Albuquerque, NM 87103-0587

William F Davis
PO Box 6
Albuquerque, NM 87103-0006

Ann Maloney Conway
PO Box 1190
Albuquerque, NM 87103-1190

Craig Bolton
2800 North Central, Ste 1800
Phoenix, AZ 85004-1049

Curtis A Jennings
2800 N Central Ste 1800
Phoenix, AZ 85004-1049

Russell C Lowe
PO Box 90536
Albuquerque, NM 87199-0536

_James E. Burke_